**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:08CV578-RLV-DSC**

| | |
|---|---|
| MILLIKEN & COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| CNA HOLDINGS, INC. AND | ) |
| CELANESE AMERICAS | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Take Limited Early Discovery" (document #45) filed November 20, 2009; and the parties' associated briefs. See documents ## 48 and 50.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

In its First Amended Complaint, Plaintiff alleges claims under the Sherman Act, 15 U.S.C.§ 1, et. seq., essentially contending that Defendant was a participant in an anti-trust conspiracy.

On May 12, 2009, Defendant filed its Motion to Dismiss the First Amended Complaint. See Document #36. That dispositive Motion is pending before the District Judge to whom this case is assigned (the Honorable Richard L. Voorhees).

On November 20, 2009, Plaintiff filed the subject "Motion to Take Limited Early Discovery," seeking production of all discovery that Defendant produced in an allegedly related case, In re Polyester Staple Antitrust Litigation, NCWD MDL Docket No. 3:03-CV-1516. Defendant

credibly asserts that the discovery Plaintiff seeks numbers in the "hundreds of thousands of pages" of documents. More importantly, this information is covered by a protective order or orders entered in the In re Polyester Staple Antitrust Litigation which preclude Plaintiff or Plaintiff's counsel from reviewing it, absent an order from this Court permitting such disclosure.

The Local Rules provide in relevant part:

> While the parties may engage in consensual discovery at any time, Court enforceable discovery does not commence until issues have joined and a Scheduling Order is entered. If a party believes that early court sanctioned discovery is warranted, such party may file a motion for leave to take early discovery therein showing good cause.

LCvR. 16.1(F).

The Court finds that Plaintiff has not made the requisite showing of good cause to commence early discovery in this matter. Plaintiff contends that allowing early discovery will assist the parties in preparing for the Rule 26(f) Initial Attorneys' Conference, but this argument is unpersuasive. First, it is clear that the Federal Rules do not contemplate or authorize discovery for purposes of preparing for a Rule 26(f) conference. Indeed, the parties are not required to exchange initial disclosures until after the Rule 26(f) conference.

Second, although the undersigned has formed no opinion as to the merits of Defendant's Motion to Dismiss, it is clear that should the Motion be granted in whole or in part and the Amended Complaint dismissed entirely or Plaintiff's claims reduced in scope, Plaintiff's need and right to conduct any discovery would be eliminated or curtailed. This is a particularly important factor where the information Plaintiff seeks is otherwise beyond its reach due to protective orders in the In re Polyester Staple Antitrust Litigation.

Simply put, Plaintiff's desire to get a "head start" on discovery, while understandable, is

insufficient to justify early discovery of the breadth and depth Plaintiff proposes.

**NOW, THEREFORE, IT IS ORDERED**:

1. Plaintiff's "Motion to Take Limited Early Discovery" (document #45) is **DENIED**

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: January 12, 2010

David S. Cayer
United States Magistrate Judge